UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ROBERT WALDHEIM,
                Plaintiff

v.                                                    Civil Action No.:

                                                      05-30116-MAP

HOME DEPOT U.S.A., INC.,
                Defendant

FILING FEE PAID:
RECEIPT # 305941
AMOUNT $ 250.00
BY DPTY CLK MKL
DATE 5/23/05

### COMPLAINT AND JURY DEMAND

#### Parties

1. The Plaintiff, Robert Waldheim, is a natural person, currently residing at 21 Strong Avenue, Pittsfield, Massachusetts.

2. The Defendant, Home Depot U.S.A, Inc., is a corporation with a principal business address at 2455 Paces Ferry Road, Atlanta, Georgia.

#### Jurisdiction

3. This Court has jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1332 and otherwise. The amount in controversy is in excess of $75,000.00. There are federal law claims set forth herein.

#### Facts

4. The Plaintiff began his employment with the Defendant in or about May of 1999 as a full time employee under the job title of sales associate.

5. Over the time of his employment the Plaintiff has always performed his job responsibilities well and received increases in wages.

6. The Plaintiff had a physical impairment in a form of a heart condition, and the Defendant was aware of the Plaintiff's condition.

7. On or about August of 2002, the Plaintiff provided the Defendant with medical documentation regarding the Plaintiff's medical condition.

8. The Plaintiff took time off from work for his heart surgery.

9. The Plaintiff requested accommodation for his heart condition in that he requested that the Defendant adjust the Plaintiff's work schedule.

10. The Defendant did not provide the requested accommodations.

11. On or about April 20, 2004, the Plaintiff suffered an injury at work due to exhaustion.

12. The Plaintiff was out of work as a result of his injury.

13. The Plaintiff filed a worker's compensation claim.

14. The Defendant disputed the claim filed by the Plaintiff.

15. The Plaintiff attempted to take leave with a note from the doctor the Defendant informed him that his position was no longer available.

16. The Plaintiff provided medical documentation to the Defendant regarding the Plaintiff's medical condition, but instead of allowing the Plaintiff time to address his medical condition the Defendant deliberately and abruptly terminated Plaintiff's employment on or about April 27, 2004.

17. Shortly before the Plaintiff's termination of employment, the Plaintiff was offered another open position with the Defendant by the district manager of the Defendant. This position would have served as a reasonable accommodation; however, instead of allowing the Plaintiff to take this position, the Defendant abruptly terminated his employment.

18. The Plaintiff was retaliated against for requesting the above referenced accommodations and for filing a worker's compensation claim.

19. The Plaintiff believed that the reasons for his termination were not credible and discriminatory.

20. The Plaintiff was discriminated against on the basis of his medical condition and/or handicap.

21. The Plaintiff was actually handicapped, and was regarded as handicapped, pursuant to M.G.L. c. 151B, Chapter 152, Section 75B of the Worker's Compensation Act and the Americans with Disabilities Act (ADA).

22. The Plaintiff has satisfied the prerequisites to filing suit.

### Count I
### (M.G.L. c. 151B– Disability Discrimination and Harassment)

23. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

24. The Plaintiff was treated adversely because of his disability and handicap.

25. The Plaintiff requested a reasonable accommodation for his handicap and to take leave for his medical condition and/or handicap and the Defendant took adverse action against the Plaintiff for taking such leave.

26. Shortly before the Plaintiff's termination of employment, the Plaintiff was offered another open position with the Defendant by the district manager of the Defendant. This position would have served as a reasonable accommodation; however, instead of allowing the Plaintiff to take this position, the Defendant abruptly terminated his employment.

26. The Plaintiff was harassed based upon his handicap and/or medical condition.

27. The Plaintiff's employment with the Defendant was terminated, and his employment with the Defendant was otherwise adversely affected based upon the Plaintiff's handicap and/or medical condition.

28. The Plaintiff is a qualified handicapped person.

29. The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to ensure that this discriminatory conduct would not occur and/or continue.

WHEREFORE, the Plaintiff, Robert Waldeheim, respectfully requests a judgment against the Defendant and for all damages available pursuant to M.G.L. c. 151B.

## Count II
### (M.G.L. c. 151B - Retaliation)

29. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

30. The Plaintiff was treated adversely because of his handicap and medical condition.

31. The Plaintiff reported and/or resisted the discrimination against him based upon his handicap.

32. The Plaintiff's employment with the Defendant was terminated, and his employment with the Defendant was otherwise adversely affected based upon the Plaintiff's handicap and/or medical condition.

33. The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to ensure that this discriminatory conduct would not occur and/or continue.

WHEREFORE, the Plaintiff, Robert Waldeheim, respectfully requests a judgment against the Defendant and for all damages available pursuant to M.G.L. c. 151B.

## COUNT III
### (Violation of M.G.L. c. 152, § 75B – Worker's Compensation Act)

34. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

35. The Plaintiff was treated adversely by the Defendant because he took leave pursuant to the Worker's Compensation Act.

36. The Plaintiff took leave from his employment with the Defendant under the Worker's Compensation Act and the Defendant took adverse action and retaliated against the Plaintiff for taking such leave.

37. The Plaintiff's employment was terminated, and his employment with the Defendant was otherwise adversely affected, based upon the Plaintiff's taking leave and filing a claim under the Worker's Compensation Act.

WHEREFORE, the Plaintiff, Robert Waldeheim, respectfully requests judgment against the Defendant and for all damages available pursuant to the referenced provisions of the Worker's Compensation Act and otherwise.

## Count IV
### (Americans With Disabilities Act– 42 U.S.C. § 12101, et. seq.–Discrimination and Harassment)

38. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

39. The Plaintiff was treated adversely because of his handicap and medical condition.

40. The Defendant failed to follow the requirements of the Americans With Disabilities Act (ADA).

41. The Plaintiff requested a reasonable accommodation for his handicap and requested to take leave for his medical condition and/or handicap, and the Defendant took adverse action against the Plaintiff for taking such leave.

42. The Plaintiff requested a reasonable accommodation for his handicap and medical condition and was denied that reasonable accommodation.

43. The Plaintiff's employment with the Defendant was terminated, and his employment with the Defendant was otherwise adversely affected based upon the Plaintiff's handicap and/or medical condition.

44. The Plaintiff is a qualified handicapped person within the meaning of the ADA and M.G.L. c. 151B.

45. The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to ensure that this discriminatory conduct would not occur and/or continue.

WHEREFORE, the Plaintiff, Robert Waldeheim, respectfully requests a judgment against the Defendant and for all damages available pursuant to the Americans With Disabilities Act and otherwise.

### Count V
### (Americans With Disabilities Act– 42 U.S.C. § 12101, et. seq.– Retaliation)

46. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

47. The Plaintiff was treated adversely because of his disability and handicap.

48. The Defendant failed to follow the requirements of the Americans With Disabilities Act.

49. The Plaintiff was retaliated against for reporting and/or resisting discrimination based upon handicap.

50. The Plaintiff's employment with the Defendant was terminated, and his employment with the Defendant was otherwise adversely affected based upon the Plaintiff's handicap and/or medical condition.

51. The Plaintiff is a qualified handicapped person within the meaning of the ADA and M.G.L. c. 151B.

52. The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to ensure that this discriminatory conduct would not occur and/or continue.

WHEREFORE, the Plaintiff, Robert Waldeheim, respectfully requests a judgment against the Defendant and for all damages available pursuant to the Americans With Disabilities Act and otherwise.

## Count VI
### (Violations Of Family Medical Leave Act–29 U.S.C. § 2601, et. seq.)

53. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

54. The Plaintiff requested to take leave for his handicap and/or medical condition and the Defendant took adverse action against the Plaintiff.

55. The Plaintiff's employment with the Defendant was terminated, and his employment with the Defendant was otherwise adversely affected based upon the Plaintiff's handicap and/or medical condition.

56. The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to ensure that this discriminatory conduct would not occur and/or continue.

WHEREFORE, the Plaintiff, Robert Waldeheim, respectfully requests judgment against the Defendant and for all damages available pursuant to the Family Medical Leave Act and otherwise.

### Count VII
### (Violations Of Family Medical Leave Act–29 U.S.C. § 2601, et. seq.–Retaliation)

57. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

58. The Plaintiff requested to take leave for his handicap and/or medical condition and the Defendant took adverse action against the Plaintiff.

59. The Plaintiff's employment with the Defendant was terminated, and his employment with the Defendant was otherwise adversely affected, based upon the Plaintiff's handicap and/or medical condition. The Plaintiff suffered retaliation in this regard.

60. The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to ensure that this discriminatory conduct would not occur and/or continue.

WHEREFORE, the Plaintiff, Robert Waldeheim, respectfully requests judgment against the Defendant and for all damages available pursuant to the Family Medical Leave Act and otherwise.

**ROBERT WALDHEIM CLAIMS A JURY TRIAL WITH RESPECT TO ALL CLAIMS SO TRIABLE, PURSUANT TO FED. R. CIV. P. RULE 38 AND OTHERWISE.**

Respectfully submitted,

The Plaintiff
ROBERT WALDHEIM
By His Attorney

_____  Date: May 16, 2005
MICHAEL O. SHEA, ESQUIRE
Law Office Of Michael O. Shea, P.C.
451 Main Street
Wilbraham, MA 01095
Telephone: (413) 596-8005
Facsimile: (413) 596-8095
BBO # 555474

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Robert Waldeheim

**DEFENDANTS**

Home Depot U.S.A., Inc.

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

05-30116-MAP

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Michael O. Shea, Esq.   (413)596-8005
Law Office Of Michael O. Shea
451 Main Street, Wilbraham MA 01095

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** ☐ 370 Other Fraud | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| | ☐ 385 Property Damage Product Liability | | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

ADA (42 U.S.C. § 12101)

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY   N/A
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE 5/16/05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Robert Waldeheim v.__
   __Home Depot U.S.A., Inc.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   05 - 30116 - MAP

   ☐ I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☒ II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    *Also complete AO 120 or AO 121
                                                                             for patent, trademark or copyright cases

   ☐ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

   ☐ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)
   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☐    Central Division ☐    Western Division ☒

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Michael O. Shea__
ADDRESS __451 Main Street, Wilbraham, MA 01095__
TELEPHONE NO. __(413) 596-8005__

(Coversheetlocal.wpd - 10/17/02)