UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROBERT WALDHEIM,

    Plaintiffs,

v.

HOME DEPOT U.S.A., INC.,

    Defendant.

Civil Action No.05-30116-MAP

### DEFENDANT'S
### ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Home Depot U.S.A., Inc., ("Defendant"), hereby answers the Complaint of plaintiff, Robert Waldheim ("Plaintiff"), as follows:

#### Parties

1.    Defendant states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2.    Defendant admits the allegations contained in paragraph 2 of the Complaint.

#### Jurisdiction

3.    Defendant admits that the Court has personal jurisdiction over Defendant. Defendant denies all remaining allegations contained in paragraph 3 of the Complaint.

#### Facts

4.    Defendant admits that it hired Plaintiff on or about May 22, 2000 as a full time Sales Associate in the North Greenbush, NY store. Defendant denies all remaining allegations contained in paragraph 4 of the Complaint.

5. Defendant denies the allegations contained in paragraph 5 of the Complaint.

6. Defendant admits that, on October 21, 2002, Plaintiff requested and was granted a paid medical leave of absence during which he underwent heart bypass surgery. Defendant denies any and all remaining allegations contained in paragraph 6 of the Complaint.

7. Defendant states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8. Defendant admits that, on October 21, 2002, Plaintiff requested and was granted a paid medical leave of absence during which he underwent heart bypass surgery. Defendant denies any and all remaining allegations contained in paragraph 8 of the Complaint.

9. Defendant admits that Plaintiff returned from his October 21, 2002 leave of absence on January 3, 2003. Further answering, Defendant admits that, upon Plaintiff's January 3, 2003 return from his leave of absence, Plaintiff requested, and was granted, a period of light duty work upon his return. Defendant denies any and all remaining allegations contained in paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in paragraph 10 of the Complaint.

11. Defendant admits that, on April 20, 2004, Plaintiff complained of becoming short of breath while stocking shelves and was taken to the hospital for evaluation. Defendant denies any and all remaining allegations contained in paragraph 11 of the Complaint.

12. Defendant admits that Plaintiff left work before the end of his shift on April 20, 2004. Defendant denies any and all remaining allegations contained in paragraph 12 of the Complaint.

13. Defendant admits the allegations contained in paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint.

16. Defendant admits that Plaintiff was terminated on April 28, 2004. Defendant denies any and all remaining allegations contained in paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. Defendant states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

### Count I
### (M.G.L. c. 151B – Disability Discrimination and Harassment)

23. Defendant incorporates by reference and realleges its responses contained within paragraphs 1 through 22 herein.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

26(a).[1] Defendant denies the allegations contained in paragraph 26(a) of the Complaint.

26(b). Defendant denies the allegations contained in paragraph 26(b) of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29(a).[2] Defendant denies the allegations contained in paragraph 29(a) of the Complaint.

---

[1] Plaintiff mistakenly numbered his paragraphs such that there are two paragraphs numbered "26." Defendant added the designation of "26(a)" and "26(b)" herein and then continued with the numbering as it appears in the Complaint to avoid further confusion.

[2] Plaintiff mistakenly numbered his paragraphs such that there are two paragraphs numbered "29." Defendant added the designation of "29(a)" and "29(b)" herein and then continued with the numbering as it appears in the Complaint to avoid further confusion.

## Count II
## (M.G.L. c. 151B – Retaliation)

29(b). Defendant incorporates by reference and realleges its responses contained within paragraphs 1 through 29(a) herein.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

## Count III
## (Violation of M.G.L. c. 152, §75B – Workers' Compensation Act)

34. Defendant incorporates by reference and realleges its responses contained within paragraphs 1 through 33 herein.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in paragraph 37 of the Complaint.

### Count IV
### (Americans With Disabilities Act – 42 U.S.C. §12101 et seq. Discrimination and Harassment)

38. Defendant incorporates by reference and realleges its responses contained within paragraphs 1 through 37 herein.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in paragraph 45 of the Complaint.

### Count V
### (Americans With Disabilities Act – 42 U.S.C. §12101 et seq. Retaliation)

46. Defendant incorporates by reference and realleges its responses contained within paragraphs 1 through 45 herein.

47. Defendant denies the allegations contained in paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in paragraph 51 of the Complaint.

52. Defendant denies the allegations contained in paragraph 52 of the Complaint.

## Count VI
**(Violations of Family Medical Leave Act – 29 U.S.C. §2601 et seq.)**

53. Defendant incorporates by reference and realleges its responses contained within paragraphs 1 through 52 herein.

54. Defendant denies the allegations contained in paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in paragraph 56 of the Complaint.

## Count VII
### (Violations of Family Medical Leave Act – 29 U.S.C. §2601 et seq. Retaliation)

57. Defendant incorporates by reference and realleges its responses contained within paragraphs 1 through 56 herein.

58. Defendant denies the allegations contained in paragraph 58 of the Complaint.

59. Defendant denies the allegations contained in paragraph 59 of the Complaint.

60. Defendant denies the allegations contained in paragraph 60 of the Complaint.

## Affirmative Defenses

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint in whole or in part fails to state a claim upon which relief can be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's complaint is barred, in whole or in part, by the doctrines of waiver, laches, and estoppel.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims must be dismissed for insufficient service of process on Defendant.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's complaint is barred, in whole or in part, because Plaintiff has suffered no damages.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed properly to mitigate damages, the existence of which Defendant denies, as required by law.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's complaint is barred, in whole or in part, because Defendant's actions were at all times proper and lawful, in the advancement of legitimate, nondiscriminatory and reasonable business interests that were in no way related to Plaintiff's alleged disability.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are limited by statute.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred in whole or in part because, at all relevant times, the actions of Defendant were legal, proper, reasonable, and in conformity with all applicable Massachusetts and federal statutory, regulatory, and decisional law.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's complaint is barred, in whole or in part, by the exclusive remedy provisions of Massachusetts Workers Compensation law provided in G.L. c. 152.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's complaint is barred, in whole or in part, because Plaintiff has failed to exhaust his administrative remedies.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that they exceed the scope of or are inconsistent with the charge of discrimination Plaintiff filed with the Massachusetts Commission Against Discrimination.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitation, to the extent they were not presented to the MCAD in a timely fashion, and to the extent that they did not occur within the time frames prescribed by law under G.L. c. 151B.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant has in place a clear and well-disseminated policy against discrimination and a reasonable and available procedure for handling complaints thereof, which provides for prompt and effective responsive action. To the extent Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by Home Depot, or to avoid harm otherwise, Plaintiff's claims of alleged discrimination are barred.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff was not "handicapped" within the meaning of G.L. c. 151B nor a "qualified individual with a disability" within the meaning of the ADA.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant provided Plaintiff with a reasonable accommodation of Plaintiff's alleged disability.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's failure to accommodate claim is barred by Plaintiff's failure to engage in an interactive process with Defendant.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to an accommodation that would impose an undue hardship on Defendant.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' complaint is barred, in whole or in part, because Plaintiff's relationship with Defendant was terminable at will by either party.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff was not entitled to leave under the FMLA.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

To the extent Plaintiff was eligible for FMLA leave, Defendant provided such leave to Plaintiff.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

With respect to Plaintiff, Defendant has acted in good faith and with reasonable grounds to believe that its actions and omissions were not in violation of the FMLA, and therefore Defendant should not be liable for liquidated damages.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Any alleged emotional distress claimed by Plaintiff was not so intense or of such duration that no ordinary person should be expected to endure it.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Any emotional distress suffered or claimed to have been suffered by Plaintiff was not reasonable or justified under the circumstances.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred because Plaintiff suffered no physical injuries as a result of any alleged conduct on the part of Defendant.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendant reserves the right to amend this answer to modify its responses and add such affirmative defenses as warranted by additional investigation and discovery in this case.

WHEREFORE, Defendant requests that:

1. Plaintiff's complaint be dismissed;

2. Defendant be awarded costs and fees; and

3. Defendant be granted such other and further relief as the Court deems appropriate.

HOME DEPOT U.S.A., INC.

By its attorneys,

Robert P. Joy (BBO# 254820)
Joseph P. McConnell (BBO# 566412)
Tracy Thomas Boland (BBO# 638878)
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, MA 02109
(617) 523-6666

Dated: July 19, 2005

## CERTIFICATE OF SERVICE

    I, Tracy Thomas Boland, hereby certify that I have caused a copy of Defendants' Answer and Affirmative Defenses to be served upon Plaintiff's attorney, Michael O. Shea, Esq., 451 Main Street, Wilbraham, MA 01095, by first-class mail on this 19th day of July 2005.

                                                _____
                                                Tracy Thomas Boland